## Blankenship v. Commonwealth.

(Decided November 28, 1924.)

### Appeal from Pike Circuit Court.

1. Homicide—Evidence Held to Sustain Conviction for Manslaughter. —Evidence held to sustain conviction for manslaughter, where defense was self-defense.

2. Criminal Law—Reversible Error Cannot be Predicated on Admission of Evidence of Trifling Materiality.—Reversible error cannot be predicated on admission of evidence of trifling materiality.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant shot and killed Daniel Coleman, and upon his trial was convicted of manslaughter and his punishment fixed at two years' confinement in the penitentiary.

He complains that the verdict is flagrantly against the evidence, and that the court erred in the admission and rejection of evidence.

The Commonwealth proved that appellant shot and killed Coleman, and in addition that a short time previous to the killing appellant said he was going to kill Coleman

for the way he had treated him at an election, and that decedent was present when appellant and another had some trouble at an election, about a month before the killing.

Defendant admitted the killing, but, according to his evidence, it was done in his necessary self-defense and only after deceased had shot at him.   He denied any previous difficulty with Coleman, or that he even knew him. It was established and not denied by anyone, that in the affray appellant shot three times and decedent but once.

In rebuttal, the Commonwealth proved that defendant's reputation for truth and veracity was not good, and facts indicating that defendant and decedent were not strangers.   While two witnesses testifying for the Commonwealth saw a part of the difficulty, they were unable to say how it began or who shot first, and the testimony of the defendant was the only direct evidence with reference thereto.   Accordingly it is insisted that the verdict is flagrantly against the evidence because the jury did not accept defendant's version of the affair.

There was, however, not only much doubt cast upon the truth of his testimony by the character witnesses, but by the other evidence in the case as well, and this evidence together with the proof of a previous difficulty between the parties, defendant's threat to kill decedent because thereof, and the attendant circumstances, is quite sufficient to sustain the verdict, and the judgment will not be reversed upon this ground.

Neither would a reversal be authorized even if the court erred in the admission and rejection of evidence in each of the four instances of which complaint is made, which, however, is not true, since none of it is of sufficient materiality to render its admission or rejection of importance one way or the other.   Hence the errors, if any in this respect, could not have been prejudicial.

Wherefore, the judgment is affirmed.